UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL STEPHANSKI,

                Petitioner,                         **ORDER**
       -vs-                                         No. 02-CV-0562

GLEN S. GOORD, Commissioner, N.Y.S.
Department of Corrections,

                Respondent.
_____

       Before the Court are three *pro se* motions for discovery by petitioner. *See* Docket ##47, 50, and 76. In them, petitioner seeks discovery from respondent of the following items: (a) the search warrant authorization; (b) a five-page letter written by co-defendant Riccardo Guiliano to his mother; (c) the pre-printed card used by the police in administering the *Miranda* warnings to petitioner; (d) unspecified testimony from the grand jury hearing; (e) witness statements by Darlene Hungerford and others made at the time of petitioner's arrest; (f) photographs taken by the Lockport Police Department; (g) pre-trial motions made by two of petitioner's attorneys; (h) the affidavit in support of the search warrant; (i) the oath taken by the state court judge in connection with the issuance of the search warrant; (j) police blotters and transcribed notes taken by investigators and the assistant district attorney during meetings with witnesses; and (k) copies of the "minutes of oath" between investigators and the judge issuing the search warrant.

       As respondent correctly notes, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery is authorized only if the Court, acting in its discretion, finds

"good cause" to permit it. Id.; *accord Drake v. Portuondo*, 321 F.3d 338, 345-46 (2d Cir. 2003) (citing Rules Governing § 2254 cases, Rule 6(a)). A habeas petitioner satisfies the "good cause" standard only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). Denial of a habeas petitioner's request for discovery is warranted "'where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition.'" *Ruine v. Walsh*, No. 00 Civ. 3798(RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005) (quoting *Hirschfeld v. Comm'r of the Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003) and citing *Charles v. Artuz*, 21 F. Supp.2d 168, 170 (E.D.N.Y. 1998)). A petitioner's general or conclusory statements regarding the *possibility* of the existence of discoverable material will not be sufficient to establish the requisite "good cause." *Id.* (citing *Gonzalez v. Bennett*, No. 00 Civ. 8401(VM), 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001); *Green v. Artuz*, 990 F. Supp. 267, 271 (S.D.N.Y. 1998); *Munoz v. Keane*, 777 F. Supp. 282, 287 (S.D.N.Y.1991), *aff'd sub nom.*, *Linares v. Senkowski*, 964 F.2d 1295 (2d Cir. 1992)). It bears noting that Rule 6 is not a license for a petitioner to embark on a "fishing expedition" for documents "merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Id.* (citing *Charles*, 21 F. Supp.2d at 169; *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Rule 6 . . . does not authorize fishing expeditions.")). With this legal backdrop in mind, the Court will consider each of the items requested by petitioner.

**Items a, e, f, h, i and k: Documents relating to petitioner's arrest**

These six items all appear to relate to petitioner's arrest, although it is unclear to this Court, as well as to respondent, what items "i" and "k" even are. Petitioner's motion papers provide no guidance on this point. To the extent that petitioner claims that the requested items relate to a search warrant, respondent avers that the search in question was not conducted pursuant to a warrant but rather was consented to by the tenant of the premises. *See* Respondent's Memorandum of Law ("Resp't Mem.") at 3 (Docket #90-1). Respondent asserts that the state court records contains no warrant applications or related documents. *See id.* Thus, the discovery that petitioner seeks apparently does not exist. In any event, even if it did exist, it would not assist him in obtaining a writ of habeas corpus. This is because claims relating to alleged infringements of a petitioner's Fourth Amendment rights are not cognizable on federal habeas review. *See Stone v. Powell*, 428 U.S. 465 (1976); *accord Capellan v. Riley*, 975 F.2d 67, 69-71 (2d Cir. 1992); *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991); *Gandarilla v. Artuz*, 322 F.3d 182, 185 (2d Cir. 2003) ("[T]he merits of a Fourth Amendment challenge are not reviewable in a federal habeas proceeding if a defendant has had a fair opportunity to litigate that question in State court . . . ."). Discovery therefore is not granted with respect to these items.

**Item b: Letter from co-defendant**

As respondent contends, petitioner has made no "specific allegations" regarding how co-defendant Riccardo Guiliano's letter to his mother will help petitioner obtain habeas relief. Therefore, he cannot satisfy Rule 6's "good cause" standard. *E.g.*, *Bracy*, 520 U.S. at 908-09. This letter did contain a description of the crime, and it was used to impeach Guiliano's credibility at trial. *See* Resp't Mem. at 4 (Docket #90-1). It is not clear to this Court how petitioner intends to use this letter, but it is apparent that the letter would not be relevant to any

claim by petitioner to habeas relief. A witness's credibility or lack thereof is a matter solely within the province of the trier of fact and may not be reviewed by a federal court on habeas review. *See Marshall v. Lonberger*, 459 U.S. 422, 432-35 (1983); *United States v. Strauss*, 999 F.2d 692, 696 (2d Cir. 1993). This request for discovery is accordingly denied.

**Item c: *Miranda* card**

Petitioner does not contest that he was given *Miranda* warnings. Resp't Mem. at 3 (Docket #90-1) (citing Petition, ¶12(b) (Docket #1); Respondent's Appendix of Exhibits at 134 (Docket # ). Respondent acknowledges that petitioner requested an attorney. At trial, respondent did not seek to admit the substance petitioner's statement into evidence on its case-in-chief but did use it for impeachment purposes. On direct appeal, the state appellate court held that the tiral court properly determined that defendant's statement was voluntarily made and that it therefore was admissible for impeachment purposes. *People v. Stephanski*, 286 A.D.2d 859, 730 N.Y.S.2d 468 (App. Div. 4th Dept. 2001) (citing, *inter alia People v. Maerling*, 64 N.Y.2d 134, 485 N.Y.S.2d 23 (N.Y. 1984) (noting that the United States Supreme Court held that a statement obtained in violation of any aspect of a defendant's *Miranda* rights, although not admissible as evidence-in-chief, may be used to impeach a defendant who chooses to take the stand and whose testimony is inconsistent with his illegally obtained statement) (citing *Harris v. New York*, 401 U.S. 222 (1971); *Oregon v. Hass*, 420 U.S. 714 (1975)). It is unclear to this Court how the *Miranda* card used by the police in reading petitioner his rights could be relevant to petitioner's claim that his statement was improperly admitted, where petitioner concedes that the *Miranda* warning were read to him. Accordingly, this request for discovery is denied.

**Item d: Grand Jury testimony**

Petitioner has not explained how the unspecified grand jury testimony that he requests is relevant to his claims for habeas relief. In any event, testimony from the grand jury proceeding would not assist petitioner in obtaining habeas relief because any claims relating to defects in that proceeding are not cognizable on habeas review. *United States v. Mechanik*, 475 U.S. 66, 68 (1986); *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (holding that habeas petitioner's "claims of impropriety before the grand jury in this case concern[ing] the sufficiency of the evidence, a failure to develop exculpatory evidence by the prosecutor, the presentation of prejudicial evidence and error in explaining the law" . . . were "cured in the trial before the petit jury, which convicted"). Accordingly, this request for discovery is denied.

**Item g: Pre-trial motions by defense counsel**

Again, petitioner fails to articulate how any pre-trial motions filed by his attorneys in the criminal proceeding below would bear on the instant habeas petition. Thus, he cannot fulfill the "good cause" standard applicable to discovery requests by habeas petitioners. In any event, the record on appeal, which is contained in respondent's original appendix of exhibits, includes at least two pre-trial motions by defense counsel. This request for discovery is denied.

**Item j: Police blotters; notes from witness interviews**

As respondent points out, petitioner has failed to identify sufficiently the documents which he is requesting. Moreover, he has not demonstrated the relevance of these documents to his request for habeas relief. Consequently, discovery of these items is denied. *See Bracy*, 520 U.S. at 908-09.

## CONCLUSION

For the reasons set forth above, petitioner's motions for discovery are denied.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   April 11, 2006
         Buffalo, New York