UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL STEPHANSKI,

                Petitioner,              **ORDER**
                                                                            No. 02-CV-0562

    -vs-

SUPERINTENDENT OF UPSTATE
CORRECTIONAL FACILITY,

                Respondent.
_____

       On May 18, 2006, this Court dismissed petitioner Paul Stephanski's petition for a writ of habeas corpus, denied a Certificate of Appealability, and denied *in forma pauperis* status for purposes of an appeal. *See* Docket No. 104. Judgment was entered in favor of respondent on May 19, 2006. *See* Docket No. 105.

       On June 12, 2006, Stephanski signed a notice of motion for an extension of time to file a motion for a certificate of appealability. *See* Docket No. 106. In his affirmation in support of this motion, Stephanski asserted that he was entitled to an extension of time to appeal because he was "a laymen [sic] with limited access to legal materials due to confinement in SHU special housing unitl [sic] where a prisoner is only allowed 2 requests per day and law library only sends one book per day." *See* Docket No. 107. Stephanski served a copy of his motion on counsel for respondent. *See* Docket No. 108.

       The Court did not become aware of Stephanski's motion until he filed another motion "asking the Court to consider a late notice of appeal due to mail tampering by N.Y.S.D.O.C.S. at Upstate C.F." *See* Docket No. 109. This motion was dated January 13, 2007, and received by the

Court on January 19, 2007. Stephanski served a copy of this motion on counsel for respondent. In his affirmation in support of the motion (Docket No. 109), Stephanski states that "shortly thereafter [his petition was denied] a notice of appeal was submitted by [him][.]" He does not specify the date that he mailed the notice of appeal.

The Court notes that it received Stephanski's first notice of motion and affirmation in June 2006, but that it did not receive a notice of appeal at that time. Stephanski has submitted a notice of appeal with this second motion, *see* Docket No. 110, stating that he is appealing from "all parts" of the Court's decision and order dismissing the petition. Attached to his motion papers are a printout of the grievances he has filed with prison officials; on October 27, 2006, he claimed that "mail never left facility." *See* Docket No. 109.

Stephanski's initial motion should be construed as one for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(a)(5)(A) (motion for extension of time to file a notice of appeal must be made "no later than 30 days after the time prescribed by this Rule 4(a) expires," which is 30 days after the judgment being appealed from was entered, *see* Rule 4(a)(1)(A)). Stephanski's notice of motion needed to have been filed no later than sixty (60) days after May 19, 2006, the day the judgment against him was entered. In fact, it was filed on June 12, 2006,[1] which was well within the

---

[1] The motion was not received and filed in the District Court until June 14, 2006, but petitioner is entitled to the benefit of the prisoner mailbox rule. Pursuant to that rule, his motion is deemed filed the day that he and turned it over to prison officials for mailing.. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988) (holding that a *pro se* prisoner's notice of appeal is deemed filed on the date that the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," rather than when it is received by the court clerk). Although it is not clear when Stephanski gave his motion to prison officials, "[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it." *Torres v. Irvin*, 33 F. Supp.2d 257, 270 (S.D.N.Y. 1998) (citing *Hunter v. Kuhlman*, 97 Civ. 4692, 1998 WL 182441, at *1 n. 2 (S.D.N.Y. Apr. 17, 1998) (deeming petition filed on date on which petitioner signed it); *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997); *Jones v. Artuz*, No. CV 97-2394, 1997 WL 876735, at *1 (E.D.N.Y. Sept. 13, 1997)); *accord Johnson v. Coombe*, 156 F. Supp.2d 273, 277 (S.D.N.Y. 2001).

applicable time limit set forth in Rule 4(a)(5)(A)(i). Therefore, Stephanski's motion for an extension of time to file a notice of appeal was timely.

The other requirement of Rule 4(a)(5) is that the moving party show "excusable neglect or good cause" for the extension of time. *See* Fed. R. App. P. 4(a)(5)(A)(ii). In reviewing a motion made pursuant to Rule 4(a)(5), district courts consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of the delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the moving party has acted in good faith. *See Pioneer Insurance Service v. Brunswick Association. Ltd.*, 507 U.S. 380, 388 (1993). The most important factor is the reason for the delay. *See id.*; *see also Weinstock v. Clearly, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994). Stephanski's reasons for requesting an extension of time were that he was a layman and unversed in the law; that he was confined in a "Special Housing Unit" and could only access one book from the law library per day. Prison conditions, such as transfers between facilities and lack of library access, have been found to constitute "good cause" in the context of Rule 4(a)(5). *See Williams v. Adams*, 2006 WL 1071962, No. CV F 04-5203 DLB HC (E.D. Cal. Apr. 24, 2006) ("Petitioner filed his motion to extend time within the thirty day time frame for filing a notice of appeal and Petitioner demonstrates good cause for the extension, citing prison transfers over which he has no control. Therefore, his notice of appeal is due no later than May 28, 2004."); *Khoa Chuong Le v. Dretke*, 2004 WL 1161400 (N.D. Tex. May 21, 2004) ("In support of his motion for extension of time, petitioner alleges that he has limited access to the prison law library and needs more time to research and prepare his notice of appeal. Such an excuse constitutes 'good cause' for an extension of time.") (citing *Harris v. Cockrell*, 2003 WL 21500397, at *2 (N.D. Tex. Apr. 9,

2003) (holding that "good cause" shown where prisoner lacked access to legal materials "due to circumstances beyond his control"). Stephanski also has alleged that interference with his mail by prison officials prevented the Court from receiving his pleadings.

Typically, a court deciding a motion for an extension of time to file a notice of appeal does not have before it the movant's actual notice of appeal. Here, however, the Court does have Stephanski's notice of appeal, which he filed with his second motion for an extension of time after he did not hear from the Court regarding his first motion. *See* Docket Nos. 109, 110. Stephanski's notice of appeal is simply a statement that he is appealing from "all parts" of the order dismissing his petition. One could question why he needed an extension of time to file such a cursory application. However, it is possible that after doing the applicable research, he determined that he wished to seek a certificate of appealability on all of the issues presented in his habeas petition. The Court declines to find that the brevity of his notice of appeal defeats his showing of "good cause" based on his lack of access to legal materials.

With respect to the risk of prejudice, the Court notes that respondent has not responded to either of petitioner's motions. Accordingly, it appears that respondent will ***not*** be prejudiced by Stephanski being permitted to file a late notice of appeal. Nor does not appear that Stephanski has acted in bad faith or in a dilatory fashion, as he filed his motion for an extension of time less than a month after receiving notice of the judgment against him.

For the foregoing reasons, Stephanski's motion (Docket No. 106) for an extension of time to file his notice of appeal is **GRANTED**. Stephanski's second motion for an extension of time to file a notice of appeal (Docket No. 109) is duplicative of Docket No. 106 and accordingly is dismissed as moot. Pursuant to Rule 4(a)(5)(C), no extension of time to file a notice of appeal

under this rule may exceed thirty (30) days after the time prescribed in Rule 4(a)(1) or ten (10) days after the date when the order granting the motion is entered, *whichever is later*. Fed. R. App. P. 4(a)(5)(C). In this case, the applicable period clearly would be ten (10) days after this Order is entered. However, in light of Stephanski's claims of mail tampering by prison officials and the fact the Court has his actual notice of appeal, no purpose would be served by directing petitioner to re-file his notice of appeal. **Accordingly, the Clerk of the Court is directed to re-docket petitioner's notice of appeal (Docket No. 110) on the date that this Order is entered.**

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   January 25, 2007
         Buffalo, New York.